```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COLLEEN FAURE                  :      CIVIL ACTION
                               :
     v.                        :
                               :
MICHAEL J. ASTRUE              :      NO. 11-7736
```

ORDER

AND NOW, this 20th day of November, 2012, upon careful and independent consideration of plaintiff Colleen Faure's ("Faure") brief and statement of issues in support of request for review (docket entry # 11), defendant Michael J. Astrue's response thereto (docket entry # 12), Faure's reply (docket entry # 14), the Honorable Timothy R. Rice's report and recommendation (docket entry # 15), Faure's objection thereto (docket entry #16), and the Court finding that:

      (a)  Faure filed an application for Social Security Disability Insurance (SSD) benefits on January 29, 2009, R. 19;

      (b)  The Social Security Administration denied Faure's application on April 21, 2009, R. 84;

      (c)  Faure filed a request for a hearing, which the Administrative Law Judge ("ALJ") held on November 10, 2009, R. 33-80;

      (d)  On February 25, 2010, the ALJ issued a decision that Faure was not disabled because though she could not return

to work she had done in the past, she could perform other jobs, R. 16-29;

  (e) Faure appealed this decision to the Appeals Council, R. 14-15, which affirmed the ALJ's decision and denied Faure's request for review;

  (f) Faure then timely commenced this action;

  (g) On August 16, 2012, Magistrate Judge Timothy R. Rice issued a report and recommendation ("R & R") in which he found the ALJ's decision to be supported by substantial evidence;

  (h) Specifically, Judge Rice found that (1) the ALJ properly granted limited weight to the treating physician's opinion and (2) the ALJ reasonably discredited Faure's testimony about the severity and functionally limiting effects of her pain and symptoms, R & R 1;

  (i) Faure filed objections to these two findings;

  (j) 28 U.S.C. § 636(b)(1)(B) provides that when a party files "written objections to [a Magistrate Judge's] proposed findings or recommendations," our Court shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made";

(k)  The standard by which we conduct this review provides that we are to uphold the Commissioner's final decision if "substantial evidence" supports it, 42 U.S.C. § 405(g); Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 633 (3d Cir. 2010);

(l)  Our Court of Appeals defines substantial evidence as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Smith, 631 F.3d at 633 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003));

(m)  In assessing whether substantial evidence supports the ALJ's determination, and thus the Commissioner's final decision, we are to "defer[] to [the ALJ's] evaluation of the evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions", Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 506 (3d Cir. 2009);

(n)  And in making this assessment, we cannot "'weigh the evidence or substitute [our own] conclusions for those of the fact-finder'", Rutherford v. Barnhart, 299 F.3d 546, 552 (3d Cir. 2005) (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (alteration in original);

(o)  Faure objects first to the Judge Rice's conclusion that the ALJ gave proper weight to the opinion of Faure's treating physician, Dr. John Kohler, though the ALJ

ultimately did not agree with Dr. Kohler that Faure was unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments under §§ 216(i) and 223(d) of the Social Security Act, see R&R at 14, Pl. Obj. 1;

(p)   Faure objects to this finding by arguing that (1) the ALJ lacks a substantial basis for the conclusion that Dr. Kohler based his assessment primarily on Faure's assertions and complaints, Pl. Obj. 1; (2) the ALJ committed a legal error of substituting her own judgment for that of Dr. Kohler, Pl. Obj. 2; (3) the ALJ omits important notations in Dr. Kohler's records, Pl. Obj. 2-3; (4) the ALJ's decision that Dr. Kohler's opinion is inconsistent with Faure's activities of daily living lacks a substantial basis[1], and we address each objection in turn;

(q)   As to Faure's objection that the ALJ's finding that Dr. Kohler's assessment was based primarily on Faure's assertions lacks a substantial basis, we disagree;

---

[1] Plaintiff does not use the phrase "substantial basis"; instead she argues that the ALJ's failure to consider evidence that contradicted the ALJ's conclusion was "clear error of law." Because we review the ALJ's conclusion to determine whether it had a substantial basis in the record, we will apply that standard here.

(r)   The ALJ found that "Dr. Kohler appears to have based his assessment primarily if not solely upon the claimant's assertions and complaints", R. 27;

(s)   This finding was based on the lack of "documentary medical evidence of significant musculoskeletal or neurologic compromise" in the record, R. 27, 187-90, 214-56, 228-29, 232-34, 239, 257-71, 305-06, 308, 348-52, 469; Dr. Kohler's frequent notations that Faure had no difficulty or "mild difficulty" getting on the examination table and moving her head, and that she had a "relatively normal gait", R. 16-18, 320-25, 329-30, 332, 335-40, 342, 345-46, 372-80, 384-97, 400-11, 421-28, 430, 435-36, 440-41, 444, 447, 450-56, 458-65; and the fact that Dr. Kohler's reports indicate "only routine, conservative, outpatient care," R. 27, 316-346;

(t)   This is more than a "mere scintilla" of evidence, Smith, 631 F.3d at 633; instead, it provides a substantial basis for the ALJ's conclusion;

(u)   As to Faure's objection that the ALJ committed a legal error of substituting her opinion for Dr. Kohler's opinion, we disagree;

(v)   As the Commissioner argued in his response to request for review, "The RFC [residual functioning capacity] is an administrative determination of what a claimant can still do

despite his or her limitations and . . . the ALJ, and not a treating or examining physician, is responsible for assessing RFC", Comm. Resp. at 10;

(w) Regulations and case law support the Commissioner's position, see 20 C.F.R. §§ 404.1545(a) ("We will assess your residual functional capacity based on all the relevant evidence in your case record"), 404.1546(c) ("[T]he administrative law judge or the administrative appeals judge . . . is responsible for assessing your residual functional capacity"); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2012) ("'[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity'") (quoting Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011)) (alterations in original);

(x) Though a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," 20 C.F.R. § 404.1527(c)(2), the ALJ may reject such a treating source's opinion "on the basis of contradictory medical evidence," Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), or if there is a lack of supporting clinical data, Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985);

(y)  In this case, the ALJ may not make "speculative inferences from medical reports" or reject a treating physician's opinion based on "her own credibility judgments, speculation or lay opinion", Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), instead, the ALJ must "determine the weight of the opinion" of the treating physician by considering factors such as the length of the treatment relationship, the medical support for the opinion, and the consistency of the opinion with the record as a whole, 20 C.F.R. § 404.1527(c)(2);

(z)  Here, rather than substitute her judgment for that of the treating physician, the ALJ considered Dr. Kohler's opinion in light of the factors 20 C.F.R. § 404.1527(c) outlines and reached a different conclusion;

(aa) As discussed above, the conclusion the ALJ reached was supported by a substantial basis in the record;

(bb) Faure's next argument is that the ALJ's report "omit[ted] important notations in Dr. Kohler's records regarding the severity of Plaintiff's pain" and "ongoing difficulty sleeping", Pl. Obj. 2-3;

(cc) We disagree; these notations fall under the ALJ's conclusion that "Dr. Kohler appears to have based his assessment primarily if not solely upon the claimant's assertions and

7

complaints," R. 27, and these notations do not undermine the substantial basis in the record for the ALJ's findings;

(dd) Finally, as to Faure's objection that the ALJ lacks a substantial basis for her finding that Dr. Kohler's opinion is inconsistent with Faure's activities of daily living, we disagree;

(ee) The record shows that Faure could engage in the following daily activities, among others: shopping for groceries, running errands, going to fairs, working part-time at the library, attending parties, doing household chores, and socializing, R. at 316, 320-21, 323-25, 332, 374, 378;

(ff) Plaintiff objects that "while Dr. Kohler often makes reference to various activities his patient has performed . . . he also notes that these activities generally exacerbate her pain and require her to either interrupt them or to rest up to several days after undertaking such activities", Pl. Obj. 3-4;

(gg) Though the ALJ did not specifically allude to these notations, she did refer to them generally in her finding that Dr. Kohler's assessment was "inconsistent with the claimant's self-reported activities of daily living as documented in Dr. Kohler's own progress notes", R. 27, and these

notations do not undermine the substantial basis in the record that supports the ALJ's conclusion of inconsistency;

(hh) Faure next objects to Judge Rice's affirmance of the ALJ's rejection of her credibility, Pl. Obj. 4;

(ii) The ALJ noted that she had "serious reservations as to whether the claimant's assertions can be considered fully creditable concerning the degree of severity of her impairments," due to "inconsistencies in the record which do not reflect well on the totality of the claimant's allegations," R. 24;

(jj) We generally defer to an ALJ's finding of credibility because "she has the opportunity at a hearing to assess a witness's demeanor", Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003) (citing Atl. Limousine, Inc. v. NLRB, 243 F.3d 711, 718 (3d Cir. 2001), and as such, "if supported by substantial evidence, the ALJ's credibility findings may not be disturbed upon appeal", Hirschfeld v. Apfel, 159 F. Supp. 2d 802, 811 (E.D. Pa. 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 871 (3d Cir. 1983));

(kk) Our Court of Appeals has explained that when making a credibility determination, an ALJ must pose questions to the plaintiff that would enable her to assess the plaintiff's

credibility, Reefer, 326 F.3d at 380[2], which the ALJ did in this case, R. 35-73;

(ll) An ALJ must "give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence," Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993), but an ALJ may discredit those complaints where "there exists contrary medical evidence", id. at 1067-68 (citing Carter v. Railroad Retirement Bd., 834 F.2d 62, 65 (3d Cir. 1986));

(mm) The ALJ's assessment of subjective complaints of pain should also consider daily activities, the frequency of pain and other symptoms, medication and other treatment, and functional limitations the pain causes, see 20 C.F.R. § 404.1529(c)(3);

(nn) Here, medical evidence contradicted the complaints of pain; as we have noted, the ALJ found that the record lacked "medical evidence of significant musculoskeletal or neurologic compromise", R. 27;

(oo) Furthermore, the ALJ found "that there are inconsistencies in the record which do not reflect well on the

---

[2] We note also that in Reefer, the court emphasized the importance of such questioning in order to allow a pro se plaintiff to fully develop the administrative record, Reefer,

totality of the claimant's allegations", R. at 24, and she cited to conflicting evidence to support this finding, R. at 24-25;

(pp) For example, among other inconsistencies, the ALJ noted that

> While the claimant testified that her March and June 2009 motor vehicle accidents further limited her, July 15-29, 2009 progress notes reveal that the claimant socialized with friends, that she helped a friend with a college essay, that she babysat two children and took them to the park, that she performed household chores such as cleaning and laundry, and that on at least one occasion she ran errands for three hours, that she was able to go to the mall and shopped in stores, that she attended a carnival, and that she attended a Philies [sic] game . . .

R. at 24-25; and

(qq) The ALJ thus supported her credibility determination with substantial evidence, and we will not disturb that judgment here;

It is hereby ORDERED that:

1.   Plaintiff's objections (docket entry # 16) are OVERRULED;

2.   Magistrate Judge Rice's report and recommendation (docket entry # 15) is APPROVED and ADOPTED; and

---

326 F.3d at 380.  This concern is less acute here, where

11

      3.    The Clerk shall CLOSE this case statistically.

                                         BY THE COURT:

                                         /S/ Stewart Dalzell, J.

---

plaintiff was represented by counsel throughout the proceedings.